UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN D. CHECKSFIELD,

                         Plaintiff,

v.                                                          5:21-CV-1180
                                                            (GTS/ML)
INTERNAL REVENUE SERVICE,

                         Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

KEVIN D. CHECKSFIELD
   Plaintiff, *Pro Se*
157 Cambridge St.
Syracuse, NY 13210

DEPARTMENT OF JUSTICE – TAX           BENTON T. MORTON, ESQ.
   Counsel for Defendant
P.O. Box 227
Washington, D.C. 20044

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently, before the Court in this *pro se* civil rights action filed by Kevin D. Checksfield ("Plaintiff") against the Internal Revenue Service ("Defendant") pursuant to the Freedom of Information Act ("FOIA"), is Defendant's motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and/or failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 18.) For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

## I.       RELEVANT BACKGROUND

### A.       Plaintiff's Complaint and Relevant Procedural History

Generally, liberally construed, Plaintiff's Complaint filed on October 29, 2021, asserts claims pursuant to 42 U.S.C. § 1983 and 5 U.S.C. § 552 based on Defendant's alleged failure to provide Plaintiff with records he requested under FOIA. (Dkt. No. 1.)

On January 27, 2022, Defendant filed its motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and/or for failure to state a claim. (Dkt. No. 18.) On February 15, 2022, Plaintiff filed his opposition to Defendant's motion to dismiss. (Dkt. No. 22.) On February 23, 2022, Defendant filed its reply in support of its motion to dismiss. (Dkt. No. 23.)

**B.     Summary of the Parties' Briefing on Defendant's Motion to Dismiss**

**1.     Defendant's Memorandum of Law**

Generally, in support of its motion to dismiss, Defendant sets forth four arguments. (Dkt. No. 18-1.) First, Defendant argues that Plaintiff's Complaint does not satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2) because allegations pertaining to civil rights violations under 42 U.S.C. § 1983 are either non-existent or deficient. (*Id.* at 2-4.) More specifically, Defendant argues that Plaintiff's Complaint fails to plead factual allegations regarding the three elements of a Section 1983 claim, and that Plaintiff's Complaint does not explain how Defendant may be liable for a civil rights violation under Section 1983. (*Id.* at 3-4.)

Second, Defendant argues that, to the extent Plaintiff's Complaint seeks to bring a claim under FOIA, Plaintiff did not include factual allegations regarding the Court's jurisdiction and Plaintiff's entitlement to relief. (*Id.* at 4-6.) More specifically, Defendant argues that Plaintiff's Complaint contains no allegations that Plaintiff exhausted his administrative remedies, or that he made a "procedurally compliant request" under FOIA. (*Id.* at 4.) Defendant further argues that Plaintiff fails to plead any other grounds regarding this Court's jurisdiction, because Plaintiff did

2

not provide factual allegations setting forth the three foundational requirements for federal jurisdiction over a FOIA request (i.e., that the agency (1) "improperly" (2) "withheld" (3) "agency records"). (*Id.* at 5 [quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)].) Defendant argues that Plaintiff's Complaint does not allege what records Plaintiff purportedly sought in his FOIA request, nor does it explain how Defendant deprived Plaintiff of his rights under the FOIA. (*Id.* at 5-6.)

Third, Defendant argues that the Court should dismiss Plaintiff's Section 1983 claim because the Court lacks subject-matter jurisdiction. (*Id.* at 6-7.) More specifically, Defendant argues that it has not waived sovereign immunity for this type of action, and that Section 1983 allows only for suits against a "person," not a federal agency. (*Id.*)

Fourth, and finally, Defendant argues that the Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's Complaint does not, nor could it, establish that Defendant acts under color of state law where it processes FOIA requests pursuant to federal law. (*Id.* at 7-8.)

### 2.      Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant's motion to dismiss, Plaintiff sets forth three arguments. (Dkt. No. 22-3.) First, Plaintiff argues that his Complaint includes allegations pled with sufficient specificity to establish his Section 1983 claim and to satisfy Fed. R. Civ. P. 8(a) and (d). (*Id.* at 3-7.) More specifically, Plaintiff argues that his Complaint contains allegations regarding Defendant violating his rights by denying him review of certain business records under the FOIA. (*Id.* at 3-4.) Plaintiff also argues that 42 U.S.C. § 1983 is a proper basis for this action, and that the allegations in his Complaint satisfy the three elements of a Section 1983 claim. (*Id.*

at 4-5.) Plaintiff further argues that his Complaint is "concise and direct," as is required by Fed. R. Civ. P. 8(d)(1), and that Defendant's arguments regarding specificity are "reaching" and impracticable. (*Id.* at 6-7.)

Second, Plaintiff argues that the Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331. (*Id.* at 7-10.) More specifically, Plaintiff argues that, pursuant to Internal Revenue Service, Department of the Treasury § 601.702, this Court has subject-matter jurisdiction because Plaintiff resides in upstate New York and Plaintiff has been involved in litigation that is directly or closely related to the State of New York. (*Id.* at 8-9.) Plaintiff further argues that he did exhaust his administrative remedies, and that his Complaint references this fact where it states that, "by taking an inordinate amount of time to come to this decision, the Internal Revenue Service has violated the spirit and intent of the Freedom of Information Act." (*Id.* at 9-10 [quoting Dkt. No. 1, at ¶ 8].)

Third, and finally, Plaintiff argues that he has sufficiently pled a claim upon which relief can be granted. (*Id.* at 10-13.) More specifically, Plaintiff argues that, once a plaintiff asserts a sufficient claim against a governmental department or agency and the Court has subject-matter jurisdiction, then the department or agency cannot claim sovereign immunity. (*Id.* at 10.) Plaintiff argues that, because his Complaint sufficiently alleges the three elements of a Section 1983 claim and because the Court has subject-matter jurisdiction, the Court should deny Defendant's motion. (*Id.* at 10-11.) Plaintiff also argues that the Court should not dismiss the action without allowing him a chance to amend, especially considering his *pro se* status. (*Id.* at 11-12.)

### 3.    Defendant's Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition, Defendant sets forth three arguments. (Dkt. No. 23.) First, Defendant argues that the Court lacks subject-matter jurisdiction over Plaintiff's Section 1983 claim. (*Id.* at 1-2.) More specifically, Defendant argues that Section 1983 only allows for suits against a "person," which Defendant is not, and therefore Defendant has not waived sovereign immunity for this action. (*Id.* at 1.) Defendant further argues that Plaintiff's assertion that he satisfied the "person" element of a Section 1983 claim is unavailing, because Plaintiff did not sue the I.R.S. Commissioner, but rather sued the agency itself. (*Id.* at 2.)

Second, Defendant argues that Plaintiff fails to state a Section 1983 claim. (*Id.* at 2-3.) More specifically, Defendant argues that Plaintiff's Complaint lacks a color-of-law allegation, and that Plaintiff cannot sufficiently plead a color-of-law allegation. (*Id.* at 2.) Defendant argues that the FOIA is a federal statute, not a statute of the District of Columbia (as Plaintiff argues), and therefore an alleged FOIA violation cannot support a Section 1983 claim. (*Id.* at 3.)

Third, Defendant argues that Plaintiff has not pled his claims with specificity. (*Id.* at 3-5.) More specifically, Defendant argues that Plaintiff's Complaint fails to allege that he made a FOIA request, what records he requested, when he requested the records, whether Defendant responded, and more. (*Id.* at 4.) Defendant argues that, even with Plaintiff's *pro se* status in mind, his Complaint does not meet the pleading requirements and the Court therefore should dismiss this action. (*Id.* at 4-5.)

## II.    RELEVANT LEGAL STANDARDS

### A.    Legal Standard Governing a Motion to Dismiss for Lack of Subject-Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly

dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved, and inferences drawn, in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

**B.      Legal Standard Governing a Motion to Dismiss for Failure to State a Claim**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement

to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n. 20 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-514 (2002)). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "'give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* at 212, n. 17 (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627, 1634, 161 L.Ed.2d 577 (2005)) (emphasis added).[1]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Id.* at 212, n. 18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n. 32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). "As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard." *Rusyniak,* 629 F.Supp.2d at 214; *Ashcroft v. Iqbal*, 556 U.S. 662, 677-83, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an

---

[1]     *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, although this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965, n. 3. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*. at 1965.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, although the plausibility standard "asks for more than a sheer possibility that a

defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*,

550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to

relief, "the tenet that a court must accept as true all of the allegations contained in the complaint

is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly,

a pleading that only "tenders naked assertions devoid of further factual enhancement" will not

suffice.  *Id.* (internal citations and alterations omitted).  Rule 8 "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. Although the special leniency

afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form

of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se*

plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[2]

Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the

requirements set forth in Fed. R. Civ. P. 8, 10, and 12, are procedural rules that even *pro se* civil

rights plaintiffs must follow.[3] Stated more simply, when a plaintiff is proceeding *pro se*, "all

normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp. 2d at 214, n. 28

(citations omitted).[4]

---

[2]       *See Vega v. Artus*, 610 F. Supp. 2d 185, 196 & nn. 8-9 (N.D.N.Y. 2009) (Suddaby, J.)
(citing Second Circuit cases); *Rusyniak*, 629 F. Supp. 2d at 214 & n. 34 (citing Second Circuit
cases).

[3]       *See Vega*, 610 F. Supp. 2d at 196, n. 10 (citing Supreme Court and Second Circuit cases);
*Rusyniak*, 629 F. Supp. 2d at 214 & n. 34 (citing Second Circuit cases).

[4]       It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in
*Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[5]

---

later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*[s]pecific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (emphasis added). That statement was merely an abbreviation of the often-repeated point of law—first offered in *Conley* and repeated in *Twombly*—that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n. 3 (citing *Conley*, 355 U.S. at 47) (emphasis added). That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough facts set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak*, 629 F. Supp. 2d at 214 & n. 35 (explaining holding in *Erickson*).

[5]        *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted); *L-7 Designs, Inc. v. Old Navy, LLC*, 10-CV-0573, 2011 WL 2135734, at *1 (2d Cir. 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12(d) if the "matters outside the pleadings" consist of (1) documents attached to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case).

Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint—to the extent those papers are consistent with the allegations in the complaint.[6]

### C.   Legal Standard Governing a Motion to Amend a Pleading

A motion for leave to amend a complaint is governed by Fed. R. Civ. P. 15, which states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1992). Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint should be freely given "[i]n the absence of any apparent or declared reason to not grant leave to amend[,] such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." *Foman*, 371 U.S. at 182; *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous.*, 608 F.2d 28, 42 (2d Cir. 1979); *Meyer v. First Franklin Loan Servs., Inc.*, 08-CV-1332, 2010 WL 277090, at *1 (N.D.N.Y. Jan. 19, 2010) (Suddaby, J.); *Jones v. McMahon,* 98-CV-0374, 2007 WL 2027910, at *10 (N.D.N.Y. July 11,

---

[6]     *See Drake v. Delta Airlines, Inc.*, 147 F.3d 169, 170, n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Sharpe, M.J.) ("[I]n cases where a *pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

2007) (Lowe, M.J.). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss . . . ." *Annunziato v. Collecto, Inc.*, 293 F.R.D. 329, 333 (E.D.N.Y. 2013) (citing *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).

Under Local Rule 15.1(a), "[a] party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, [or] 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers." N.D.N.Y. L.R. 15.1(a). "Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supersede the pleading sought to be amended in all respects." *Id.* "The motion must set forth specifically the proposed insertions and deletions of language and identify the amendments in the proposed pleading, either through the submission of a redline/strikeout version of the pleading sought to be amended or through other equivalent means." *Id.*

## III.   ANALYSIS

### A.   Whether the Court Should Grant Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction

After carefully considering the matter, the Court answers this question in the affirmative with respect to Plaintiff's Section 1983 claim, but in the negative with respect to Plaintiff's FOIA claim, for the reasons set forth below.

Because Defendant raises the question of the Court's subject-matter jurisdiction over this action, the Court addresses those arguments first. As the Court stated above, Defendant argues that Plaintiff cannot assert a Section 1983 claim against it because Defendant is not a "person" and has not waived sovereign immunity. (Dkt. No. 23, at 1-2.) "'The doctrine of sovereign immunity is jurisdictional in nature.'" *Vidurek v. Koskinen*, 789 F. App'x 889, 892 (2d Cir. 2019) (summary order) (quoting *Makarova*, 201 F.3d at 113). As Defendant points out, it "is an

improper party to a [Section 1983] action." *Gavigan v. Comm'r of I.R.S.*, 06-CV-0942, 2007 WL

1238651, at *4 (D. Conn. Apr. 27, 2007). The United States District Court for the District of

Connecticut addressed this point in *Lopez v. "Director" of the Internal Revenue Serv.'s (IRS)*

*Ogden Utah Office*:

> Section 1983 provides a remedy only for state actors' deprivations
> of federal law or constitutional rights, and it does not apply to the
> actions of the federal government or its agents. *See United States
> v. Acosta*, 503 F.3d 54, 60 (2d Cir. 2007) ("Section 1983, of
> course, does not apply to allegedly unlawful acts of federal
> officers."). Thus, because Section 1983 cannot apply to any
> alleged actions by IRS employees, who are agents of the federal
> government, there is no 'unequivocally expressed' waiver of
> sovereign immunity allowing [Plaintiff] to bring suit against the
> IRS Defendants under Section 1983, and the Court has no subject
> matter jurisdiction over such claims. *See Binder & Binder*, 818
> F.3d at 70; *see also Yalkut v. Gemignani*, 873 F.2d 31, 35 (2d Cir.
> 1989) ("Section 1983 however, applies only to actions taken under
> the color of state law that violate constitutional or federal statutory
> rights. [Plaintiff] makes no allegation of state action, nor can he,
> because defendants' actions were purely federal in nature.")
> (discussing suit against IRS for tax assessment and IRS agents'
> attempt to collect tax debt).

*Lopez v. "Director" of the Internal Revenue Serv.'s (IRS) Ogden Utah Office*, 16-CV-0600,

2017 WL 337978, at *5 (D. Conn. Jan. 23, 2017); *Vidurek*, 789 F. App'x at 892-93.

However, Plaintiff repeatedly references 5 U.S.C. § 552 in his Complaint—a fact of

consequence with respect to this Court's subject-matter jurisdiction. (Dkt. No. 1.) Pursuant to 5

U.S.C. § 552(a)(4)(B),

> [o]n complaint, the district court of the United States in the district
> in which the complainant resides, or has his principal place of
> business, or in which the agency records are situated, or in the
> District of Columbia, has jurisdiction to enjoin the agency from
> withholding agency records and to order the production of any
> agency records improperly withheld from the complainant. In such
> a case the court shall determine the matter de novo and may

> examine the contents of such agency records in camera to
> determine whether such records or any part thereof shall be
> withheld under any of the exemptions . . . .

5 U.S.C. § 552(a)(4)(B). "'Agency' has been defined as 'any executive department, military

department, Government corporation, Government controlled corporation, or other establishment

in the executive branch of the Government (including the Executive Office of the President), or

any independent regulatory agency.'" *Sonds v. Cuomo*, 11-CV-0895, 2012 WL 952540, at *3

(N.D.N.Y. Feb. 3, 2012) (quoting 5 U.S.C. § 552(a)). Defendant qualifies as an "agency" subject

to 5 U.S.C. § 552(a)(4)(B). *Marshall-Screen v. I.R.S.*, 01-CV-0811, 2002 WL 264999, at *4

(E.D.N.Y. Feb. 26, 2002); *Radcliffe v. I.R.S.*, 536 F. Supp. 2d 423, 427 (S.D.N.Y. Feb. 29,

2008); *Fischer v. I.R.S.,* 621 F. Supp. 835, 836 (S.D.N.Y. Sept. 26, 1985).

In his Complaint, Plaintiff alleges that "[t]he facts of this case revolve around the

Freedom of Information Act, 5 U.S.C. § 552[,] and the application of this act within the Internal

Revenue Service." (Dkt. No. 1, at ¶ 5.) Plaintiff alleges that, "[w]ith the denial of Plaintiff's

requests for review of business records, Defendant has violated Plaintiff's rights in regard to 5

U.S.C. § 552." (*Id.* at ¶ 10.) Additionally, Plaintiff alleges that he "seeks relief in the above

action by access to records requested from the Internal Revenue Service," and that he "requests

the Court to provide injunctive relief to ensure the IRS follows the Freedom of Information Act."

(*Id.* at ¶ 11.) By requesting injunctive relief instead of damages, Plaintiff's claim corresponds

with one brought under FOIA, rather than Section 1983. *See Marshall-Screen,* 2002 WL 264999,

at *4 ("[FOIA] confers upon the district courts jurisdiction 'to enjoin [an] agency from

withholding agency records and to order the production of any agency records improperly

withheld from the complainant.'") (quoting 5 U.S.C. § 552(a)(4)(B)); *Edelman v. U.S. Gov't*, 18-

CV-2143, 2020 WL 7123175, at *9 (E.D.N.Y. Dec. 4, 2020) (emphasizing that the FOIA does not permit recovery of monetary damages and is limited to enjoining the withholding agency and ordering production of the requested records).

Based on these allegations, the Court is satisfied that it has subject-matter jurisdiction of a claim asserted under the FOIA. *See Fischer*, 621 F. Supp. at 836 (stating that "[j]urisdiction [was] properly invoked under 5 U.S.C. § 552(a)(4)(B)" where the plaintiff commenced the action under FOIA "to compel the production of documents requested from the IRS"). Despite Plaintiff's Complaint alleging that he brought this action pursuant to 42 U.S.C. § 1983, in construing his Complaint liberally and providing the special solicitude typically afforded to *pro se* pleadings, the Court finds that Plaintiff attempts to assert a FOIA claim that provides the Court with subject-matter jurisdiction. *See Ambrose v. U.S. Dept. of Justice*, 14-MC-0005, 2014 WL 3644430, at *1-2 (N.D.N.Y. July 22, 2014) (Suddaby, J.) ("Construing this pro se plaintiff's submission liberally, as Second Circuit authority requires, he could have grounds to file a civil complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552."); *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) ("In our review of the sufficiency of a *pro se* complaint . . . , we are constrained to conduct our examination with 'special solicitude,' interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'") (quoting *Tristeman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2009)). Any Section 1983 claim against Defendant, however, is dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *Lopez*, 16-CV-0600, 2017 WL 337978, at *5.

### B. Whether the Court Should Grant Defendant's Motion to Dismiss for Failure to State a Claim

After carefully considering the matter, the Court answers this question in the affirmative,

for the reasons stated in Defendant's memoranda of law. (Dkt. Nos. 18-1, 23.) To those reasons, the Court adds the following analysis.

Plaintiff's Complaint, which the Court liberally construes as attempting to claim that Defendant violated FOIA in denying his request for documents, fails to state a claim for two reasons: (1) Plaintiff failed to plead factual allegations plausibly suggesting exhaustion of his administrative remedies; and (2) Plaintiff failed to plead factual allegations plausibly suggesting that he submitted a proper FOIA request, and that Defendant improperly withheld the requested records.

"'[T]o withstand dismissal, a FOIA plaintiff must plead in his complaint that he has exhausted his administrative remedies.'" *Brady v. Berman*, 18-CV-8459, 2019 WL 4546535, at *6 (S.D.N.Y. Aug. 2, 2019) (quoting *Bida v. Russo*, 14-CV-0104, 2014 WL 1392338, at *2 (E.D.N.Y. Apr. 9, 2014)). The FOIA provides an administrative appeals process for requesters upon receipt of an adverse determination regarding their request. 5 U.S.C. § 552(a)(6)(A)(i), (ii).[7] "Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61-62 (D.D.C. 1990); *Buckley v. Amos*, 14-CV-6055, 2015 WL 12564208, at *4 (E.D.N.Y. Oct. 16, 2015) ("It is well established that exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA.") (internal quotation marks omitted).[8]

---

[7]     Notably, this process is deemed exhausted in situations where "an agency fails to respond within the statutory time limit." *Marshall-Screen*, 2002 WL 264999, at *4 (citing 5 U.S.C. § 552(a)(6)(C)).

[8]     Courts within the Second Circuit are split regarding whether failure to exhaust administrative remedies is a jurisdictional or prudential consideration. *Compare Buckley,* 2015 WL 12564208, at *4 (gathering cases), *with Torres v. Dep't of Homeland Sec.*, 09-CV-8640, 2010 WL 4608431, at *4 (S.D.N.Y. Nov. 2, 2010) (gathering cases). The Second Circuit has not yet decided this question but has expressed uncertainty regarding whether failure to exhaust

Plaintiff's Complaint does not contain any factual allegations regarding exhaustion of his administrative remedies. (Dkt. No. 1.) In his opposition, however, Plaintiff argues that he did address exhaustion of his administrative remedies. (Dkt. No. 22-3, at 10.) More specifically, Plaintiff argues that the allegation in his Complaint regarding Defendant "taking an inordinate amount of time to come to [the decision to deny his request]," which he claims "violated the spirit and intent of the Freedom of Information Act," refers to the year and a half that he spent in the administrative appeals' process. (*Id.*) However, even considering this assertion from Plaintiff's opposition as effectively amending the allegations of his complaint (which the Court may do because Plaintiff appears *pro se*),[9] this allegation does not provide the requisite factual information giving Defendant "fair notice" of, for example, the timing, outcome, or merits of the administrative appeals process for Defendant to adequately respond. *Jackson*, 549 F. Supp. 2d at 212, n. 17.

Likewise, Plaintiff did not allege facts plausibly suggesting that he made a proper FOIA request, or that Defendant "(1) improperly (2) withheld (3) agency records." *Gasaway v.*

---

administrative remedies is a jurisdictional issue. *Robert v. Dep't of Justice*, 193 F. App'x 8, 9-10 (2d Cir. 2006) (summary order). In this case, even if failure to exhaust administrative remedies is a jurisdictional question, the Court is not concerned that the alleged failure to exhaust administrative remedies prohibits its subject matter jurisdiction at this time because, as the Court addresses below, Plaintiff states in his opposition that he did engage in the administrative appeals process. (Dkt. No. 22-3, at 10.) *See also Drake*, 147 F.3d at 170, n. 1 (considering facts in plaintiff's opposition motion as part of the complaint); *Aurecchione*, 426 F.3d at 638 (reinforcing that all inferences must be drawn in the plaintiff's favor when determining subject matter jurisdiction). Accordingly, the Court's focus at this time is not whether it has subject matter jurisdiction over this action, but rather whether Plaintiff 's Complaint contains sufficient factual allegations to provide Defendant fair notice regarding the exhaustion of his administrative remedies so that Defendant can adequately respond.

[9]     *See Drake*, 147 F.3d at 170, n. 1; *Gill*, 824 F.2d at 195; *Donhauser,* 314 F. Supp. 2d at 212.

*Williams*, 11-CV-0549, 2012 WL 264611, at *5 (N.D.N.Y. Jan. 30, 2012) (Suddaby, C.J.)

(quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)); *Jabar v. U.S. Dep't of*

*Justice*, 17-CV-0301, 2021 WL 6427482, at *5 (W.D.N.Y. Nov. 24, 2021). Instead, Plaintiff's

Complaint contains approximately four conclusory statements regarding Defendant's denial of

Plaintiff's request for records, which he contends violated his rights. (Dkt. No. 1, at ¶¶ 7-8, 10-

11). Plaintiff fails to allege any factual support regarding whether he made a proper FOIA

request, what records he requested, when he made the FOIA request, and how Defendant

responded (i.e., the reasons for the alleged denial of Plaintiff's request). (Dkt. No. 23, at 4-5.)

Without factual allegations regarding his FOIA request and the circumstances surrounding the

alleged denial, Plaintiff has failed to provide Defendant the "fair notice" required by Fed. R. Civ.

P. 8(a)(2), *Jackson*, 549 F. Supp. 2d at 212, n. 17, as well as deprived the Court of the ability to

assess the merits of his FOIA claim. *See Brady*, 2019 WL 4546535, at *6 (dismissing the

plaintiff's FOIA claim under Fed. R. Civ. P. 12(b)(6) where the plaintiff "[did] not specify what

documents he requested," "whether the requested documents [were] 'agency records' which

were improperly withheld," or whether "he 'successfully communicated [his] request to' the

[defendant]") (quoting *Friedman v. U.S.*, 01-CV-7518, 2003 WL 1460525, at *8 (S.D.N.Y. Mar.

18, 2003)); *Razzoli v. U.S. Atty. Exec. Office*, 21-CV-4138, 2021 WL 3173458, at *3 (S.D.N.Y.

July 26, 2021) (finding the plaintiff failed to state a claim under the FOIA where his "description

in the complaint of the documents that he [sought was] extremely broad and vague" and where

he "[did] not allege that he fully exhausted his administrative remedies").

      For these reasons, the Court grants Defendant's motion to dismiss for failure to state a

claim pursuant to Fed. R. Civ. P. 12(b)(6).

**C.      Whether the Court Should Grant Plaintiff's Request for Leave to Amend His Complaint**

After carefully considering the matter, the Court answers this question in the affirmative, for the reasons stated below.

Plaintiff included a couple of paragraphs in his opposition that the Court interprets as a request to amend his Complaint. (Dkt. No. 22-3, at 12 ["[T]he Plaintiff wishes to make the point that the U.S. Justice Department is filing for a Motion to Dismiss when they did not allow[] the Plaintiff the opportunity to amend pleadings which were agreed upon in the Case Management Plan."].) *See also Doroz v. Delorio's Foods, Inc.*, 437 F. Supp. 3d 140, 153 (N.D.N.Y. Feb. 3, 2020). As the Court explained in *Sobon v. Horizon Eng'g Assocs., LLP*, this request to amend is procedurally defective:

> Plaintiff's purported cross-motion to amend [his] complaint consists of one sentence at the conclusion of [his] memorandum of law requesting leave to amend [his] complaint pursuant to Fed. R. Civ. P. 15(a)(2). Such a motion is procedurally defective. Plaintiff has failed to comply with Local Rule [15.1] of the Local Rules of Practice for this Court, requiring the attachment of an unsigned copy of the proposed amended pleading to [his] motion papers, which must identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means.

*Sobon v. Horizon Eng'g Assocs., LLP*, 13-CV-1431, 2014 WL 4889340, at *11 (N.D.N.Y. Sept. 30, 2014) (Suddaby, C.J.).

The Court finds, however, that Plaintiff may be able to provide additional factual allegations regarding his FOIA claim against Defendant. More specifically, it is possible that the defects related to Plaintiff's FOIA claim (i.e., whether he exhausted his administrative remedies and whether he can provide the factual allegations regarding his denied FOIA request) are

"merely formal," rather than substantive. *Manship*, 2021 WL 981587, at *13-14. As a result, the Court finds that it would not be futile to permit Plaintiff leave to amend his Complaint, especially considering that Plaintiff has not yet amended his Complaint and the omission of the requisite factual allegations (as well as his failure to comply with the Court's procedure when requesting leave to amend) may be due, at least in part, to Plaintiff's *pro se* status. *Frost v. U.S. Dep't of Homeland Sec.*, 22-CV-2858, 2022 WL 1304534, at *2 (S.D.N.Y. May 2, 2022); *Razzoli*, 2021 WL 3173458, at *3.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Section 1983 claim is **DISMISSED** **without prejudice**; and it is further

**ORDERED** that Plaintiff's FOIA claim **shall be DISMISSED with prejudice, UNLESS**, within **THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that cures the pleading defects identified in this Decision and Order; and it is further

**ORDERED** that any Amended Complaint filed by Plaintiff must be a complete pleading, which will supersede his original Complaint in all respects, and which may not incorporate any portion of his original Complaint by reference; and it is further

**ORDERED** that, in the event that Plaintiff should fail to file an Amended Complaint that complies with the terms of this Decision and Order as set forth above, the Clerk shall enter Judgment dismissing this action without further Order of this Court.

Date:   July 13, 2022
        Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge