UNITED STATES DISTRICT COURT-
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN D. CHECKSFIELD,

                            Plaintiff,

v.                                                                5:21-cv-1180 (GTS)

INTERNAL REVENUE SERVICE,

                            Defendant.
_____

APPEARENCES:                                         OF COUNSEL:

KEVIN D. CHECKSFIELD
   Plaintiff, *Pro Se*
157 Cambridge Street
Syracuse, NY 13210

U.S. DEPARTMENT OF JUSTICE-TAX DIVISION        BENTON T. MORTON, ESQ.
   Counsel for Defendant,                      Trial Attorney, Tax Division
Ben Franklin Station
P.O. Box 227
Washington, D.C. 20044

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* action pursuant to the Freedom of Information

Act ("FOIA") filed by Kevin D. Checksfield ("Plaintiff") against the Internal Revenue Service

("Defendant"), are Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt.

No. 52 [Plf.'s Motion]), and Defendant's cross-motion for summary judgment pursuant to Fed.

R. Civ. P. 56 (Dkt. No. 53 [Def.'s Motion]).  For the reasons stated below, Plaintiff's motion is

denied, Defendant's motion is granted, and Plaintiff's Amended Complaint is dismissed.

## I.        RELEVANT BACKGROUND

## A.     Plaintiff's First Complaint

Plaintiff filed his Complaint against Defendant on October 29, 2021.  (Dkt. No. 1 [Plf.'s Comp.].)  In general, liberally construed, Plaintiff's Complaint asserted claims under 42 U.S.C. § 1983 ("Section 1983") and FOIA.  (*Id.*)  On January 27, 2022, Defendant moved to dismiss the Complaint pursuant to motions under Fed. R. Civ. P. 8(a) for failure to plead his claims with specificity, under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted.  (Dkt. No. 18 [Def.'s First Mot.].)  In a Decision and Order dated July 13, 2022, the Court granted Defendant's motion and dismissed with prejudice Plaintiff's claim under Section 1983.  (Dkt. No. 24 [Decision and Order].)  In addition, the Court dismissed with prejudice Plaintiff's claim under FOIA, unless, within 30 days, he filed an Amended Complaint that cured the defects identified in the Decision and Order.  (*Id.*)

## B.     Plaintiff's Amended Complaint

On August 10, 2022, Plaintiff filed a motion to amend his Complaint, with a proposed Amended Complaint attached.  (Dkt. No. 25 [Mot. to Amend/Correct Comp.].)  Defendant opposed Plaintiff's motion, and argued that the proposed Amended Complaint did not cure the defects identified by the Court in its July 13, 2022, Decision and Order.  (Dkt. No. 26 [Def,'s Mot. in Opp.].)  On November 18, 2022, during a hearing held before Magistrate Judge Miroslav Lovric, Plaintiff's motion to amend was granted, and his proposed Amended Complaint was accepted for filing.  (Dkt. No. 31 [Text Order, Nov. 18, 2022].)

In general, liberally construed, Plaintiff's Amended Complaint alleges that Defendant violated FOIA, violated its own administrative procedures by not deciding his request within normal processing times, and acted in "Bad Faith" when it "arbitrarily" denied his FOIA request

for the personal tax records of an individual, S.B., and the business tax records of S.B.'s law firm.  (*See generally* Dkt. No. 25, Attach. 1 [Amended Complaint].)  Plaintiff's Amended Complaint seeks an order from the Court compelling Defendant to give him access to the specific records he requested in his FOIA request.  (*Id.*)  In the alternative, Plaintiff seeks "an appropriate avenue to an alternative solution," such as the Court's *in camera* review of the records, or a "monetary solution."  (*Id.*)

Defendants filed their Answer to the Amended Complaint on December 15, 2022.  (Dkt. No. 34.)  Plaintiff filed a motion for summary judgment on June 26, 2023.  (Dkt. No. 52 [Plf.'s Mot.].)  Defendant filed a motion for summary judgment on June 30, 2023.  (Dkt. No. 53 [Def.'s Mot.].)  Defendant responded in opposition to Plaintiff's motion on July 17, 2023.  (Dkt. No. 55 [Def.'s Resp.].)  Plaintiff responded in opposition to Defendant's motion on July 20, 2023.  (Dkt. No. 56 [Plf.'s Resp.].)  Plaintiff replied to Defendant's response to his motion on July 24, 2023. (Dkt. No. 57 [Plf.'s Reply].)  Defendant replied to Plaintiff's response to its motion on August 4, 2023.  (Dkt. No. 60 [Def.'s Reply].)

Familiarity with the above-discussed claims and the factual allegations supporting them in Plaintiff's Complaint, and the relevant procedural history, is assumed in this Decision and Order, which is intended primarily for review by the parties.

### C.    Undisputed Material Facts

Before reciting the material facts of this case, the Court notes that, generally, Plaintiff's Statement of Material Facts is not in compliance with Local Rule 56.1(a) for three reasons.  First, his statement is not set forth "in numbered paragraphs," with a "short and concise statement of each material fact about which the moving party contends there exists no genuine issue." N.D.N.Y.L.R. 56.1(a).  Second, Plaintiff's statement generally contains a mixture of legal

arguments and impermissible commentary.  (*See generally* Dkt. No. 52, Attach. 2 [Plf.'s Stat.].)
Third, when Plaintiff does assert facts, he often fails to provide accurate record citations to
support those facts.  (*Id.*)

Simply, the Court notes that, generally, Plaintiff's response to Defendant's Statement of
Material Facts violates Local Rule 56.1(b) for ___ reasons.  First, he often fails to either
expressly admit or deny the fact that Defendant asserts.  (*See generally* Dkt. No. 56, Attach. 2
[Plf.'s Resp. to Def.'s Stat].)  Second, Plaintiff often uses improper citations to support his
responses, such as his unsworn Statement of Material Facts in *his own* motion for summary
judgment.  (*See, e.g.,* Dkt. No. 56, Attach 2, at ¶¶ 1-8 [Plf.'s Resp. to Def.'s Stat. [citing to Dkt.
No. 52, his own Statement of Material Facts].)  Third, Plaintiff's responses, or rather, non-
responses, also include impermissible commentary, along with impermissible legal arguments.
"This [insertion of commentary] is impermissible,[1] regardless of whether the commentary is

---

[1]      *See, e.g., CA, Inc. v. New Relic, Inc.*, 12-CV-5468, 2015 WL 1611993, at *2 n.3
(E.D.N.Y. Apr. 8, 2015) ("[T]he Court will consider the statement provided by [Plaintiff] as
undisputed because [Defendant's] initial response in each instance is, in fact, 'Undisputed.'");
*Washington v. City of New York*, 05-CV-8884, 2009 WL 1585947, at *1 n.2 (S.D.N.Y. June 5,
2009) ("[T]he statement provided by Defendants is taken as true because Plaintiff[']s initial
response in each instance is 'Admit.' ").

intended to assert a related fact,[2] place in context or 'spin' the asserted fact,[3] or deny a perceived implication of an asserted fact."[4] *Yennard v. Boces*, 353 F. Supp. 3d 194, 196–97 (N.D.N.Y. 2019) (Suddaby, C.J.).

Finally, Plaintiff has filed a 47-page "Reply" to Defendant's Response to Plaintiff's Statement of Material Facts. (Dkt. No. 57, Attach. 2.) The Court rejects, and will not consider, this "Reply," because it is not permitted under either Fed. R. Civ. P. 56 or Local Rule 56 of the Local Rules of Practice for this Court. *See, e.g., Upstate Jobs Party v. Kosinski*, 559 F. Supp. 3d 93, 105, 141 n.3 (N.D.N.Y. 2021) (Suddaby, C.J.).

That being said, the Court recognizes that Plaintiff is proceeding in this action *pro se*, and it will afford "special solicitude" to him, which is not usually given to those represented by

---

[2]    *See, e.g., Maioriello v. New York State Office for People With Developmental Disabilities*, 272 F.Supp.3d 307, 311 (N.D.N.Y. 2017) ("[T]hroughout Plaintiff's Rule 7.1 Response, she 'admits' many of the facts asserted by Defendants in their Rule 7.1 Statement but then includes additional facts and/or legal argument in those responses.... Where this occurs, the Court will deem those facts admitted and disregard the additional factual assertions and/or argument that Plaintiff provides in her responses."); *Baity v. Kralik*, 51 F.Supp.3d 414, 417 (S.D.N.Y. 2014) (holding that plaintiff's response to defendant's Rule 56.1 Statement failed to comply with the rule because "counsel neither admits nor denies a particular fact, but instead responds with equivocal statements such as: 'Admit, but defendant omits the balance of plaintiff's testimony' ").

[3]    *See, e.g., Goldstick v. The Hartford, Inc.*, 00-CV-8577, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002) (striking plaintiff's Rule 56.1 Statement, in part, because plaintiff added "argumentative and often lengthy narrative in almost every case the object of which is to 'spin' the impact of the admissions plaintiff has been compelled to make").

[4]    *See, e.g., Yetman v. Capital Dis. Trans. Auth.*, 12-CV-1670, 2015 WL 4508362, at *10 (N.D.N.Y. July 23, 2015) (citing authority for the point of law that the summary judgment procedure involves the disputation of asserted facts, not the disputation of implied facts).

counsel. *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).[5]  Accordingly, the Court has carefully considered both parties' statements of material facts, and their respective responses thereto (except for Dkt. No. 57, Attach. 2 [Plf.'s Reply to Def.'s Resp.]).  (*See* (Dkt. No. 52, Attach. 2 [Plf.'s Stat.]; Dkt. No. 55, Attach. 1 [Def.'s Resp. to Plf.'s Stat.]; Dkt. No. 53, Attach. 2 [Def.'s Stat.]; Dkt. No. 56, Attach. 2 [Plf.'s Resp. to Def.'s Stat.].)

Based on the statements of material facts and responses thereto by both parties, the following material facts have been asserted and supported by accurate citations, and either expressly admitted or were denied without a supporting record citation in the opposing party's response thereto.

1.    On or about December 19, 2019, Plaintiff sent Defendant a FOIA request.[6]

2.    Plaintiff's requests sought the following: (a) S.B.'s personal tax records for the years 1996, 1997, and 1998; and (b) the tax records for S.B.'s law office for 1996, 1997, and 1998.[7]

3.    Because Plaintiff's requests seek records about entities and individuals other than himself, Plaintiff's requests seek records about third parties.[8]

---

[5]    The Court does so despite the fact that, before filing his motion, Plaintiff had been advised of the consequences of failing to properly support or oppose factual assertions in a statement of material facts.  (Dkt. No. 2 [advising him of consequences and acknowledging receipt of courtesy copies of, *inter alia*, both Local Rule 56.1 and pages 43 and 44 of the District's *Pro Se* Handbook].)

[6]    (Dkt. No. 53, Attach. 2, at ¶ 1 [Def.'s Stat.]; Dkt. No. 53, Attach. 3, at 6 [Ex. A, IRS FOIA Decision Letter].)

[7]    (Dkt. No. 53, Attach. 2, at ¶ 2 [Def.'s Stat.]; Dkt. No. 53, Attach. 3, at 6 [Ex. A, IRS FOIA Decision Letter], 9 [Ex. B, IRS FOIA Decision Letter].)

[8]    (Dkt. No. 53, Attach. 2, at ¶ 7 [Def.'s Stat.].)  Plaintiff does not explicitly deny the above-stated fact, but instead asserts that he has "made all reasonable efforts to get permission of [S.B.] to the records in question."  (Dkt. No. 56, Attach. 2, at ¶ 7.)  Thus, in essence, Plaintiff impermissibly attempts to explain why he is entitled to access a third party's business and

4.      According to Scott Panitz, an attorney in Defendant's Office of Chief Counsel, FOIA regulations and the Internal Revenue Manual require third-party requesters to obtain written authorizations from the third-party subjects and submit them with their records requests.[9]

5.      Given that Plaintiff sought the records of a third party, Defendant concluded that the records Plaintiff requested (assuming that such records actually exist) were required to be withheld by "FOIA Exemption 5 U.S.C. § 552(b)(3)" (also known as "FOIA Exemption 3"), and 26 U.S.C. § 6103.  On that basis, Defendant did not conduct a search for the requested records.[10]

---

personal tax records.  This explanation, however, is ineffective, because it does not actually controvert the fact being asserted, and effectively acts as an admission that S.B. is a third party.

[9]      (Dkt. No. 53, Attach. 2, at ¶ 8 [Def.'s Stat.].)  Although Plaintiff states he "is aware that IRS regulations require a third-party consent to records," he asserts that, "if that party [the third party] is unwilling to do this [give consent], alternate means must be used."  (Dkt. No. 56, Attach. 2, at ¶ 8 [Plf.'s Resp. to Def.'s Stat.].)  He also asserts that "the Court should deny this point, as well."  Thus, the Court will treat Plaintiff's response as a denial, even though he seems to admit the actual fact that Defendant is asserting.  In any event, setting aside the fact that the crux of his denial is that the records he requested are segregable, and the fact that Defendant's asserted fact says nothing about the segregability of the requested records, but rather is about the need for third-party consent, Plaintiff's denial is ineffective because he does not adequately cite record evidence that controverts the fact being asserted, and instead makes a legal argument to justify his non-compliance with the FOIA regulations and Internal Revenue Manual.  (*Id.*)  Plaintiff cites a section of the IRS FOIA guidelines (the specific section of which is unclear), and cites to "irs.gov."  Thus, even if Plaintiff's denial were germane to the fact being asserted, the Court would still find it ineffective because legal arguments are inappropriate in a response to a statement of material facts, and the Court cannot even verify the regulation that Plaintiff relies on.

[10]     (Dkt. No. 53, Attach. 2, at ¶ 4 [Def.'s Stat.].)  Plaintiff appears to deny the asserted fact, but cannot cite any record evidence that controverts the fact being asserted.  (Dkt. No. 56, Attach. 2, at ¶ 4 [Plf.'s Resp. to Def.'s Stat.].)  The crux of his denial is that FOIA Exemption 3 and 26 U.S.C. § 6103 were misapplied by Defendant.  Aside from amounting to impermissible commentary (*see* this section's prefatory remarks), Plaintiff's response fails to controvert the fact that IRS employees received his FOIA request, but determined that FOIA Exemption 3 and 26 U.S.C. § 6103 applied and thus barred disclosure.  (Dkt. No. 53, Attach 3 [Sworn Declaration of IRS Employee Scott Panitz]; *Id.* Ex. A, Ex. B [IRS FOIA Request Decision Letters].)  Whether Defendant's determination was correct or incorrect (which Plaintiff is arguing here) is not relevant to the fact being asserted.  Any determination on the correctness of Defendant's determination is a question of law.  In any event, the Court has modified the asserted fact to

6.      Accordingly, Defendant denied Plaintiff's FOIA request because he sought the tax return information of a third party and did not provide valid authorization or consent to access those third-part records.[11]

7.      On or about January 10, *2020*,[12] Defendant issued "a final response" letter to Plaintiff's "[FOIA] request dated December 19, 2019," that stated "[Plaintiff] asked for the tax records for 1996, 1997, and 1998 tax years [regarding S.B.]. . . . [Plaintiff's] request asks for third party return information and [he has] failed to demonstrate that any of the exceptions to the confidentiality provisions of [26 U.S.C. § 6103] allow for disclosure to you, [FOIA Exemption 3] [(codified at 5 U.S.C. § 552(b)(3))] is being asserted in conjunction with [26 U.S.C. § 6103(a)] to withhold from you the return information, to the extent such records exist, of any third party.  Because of the foregoing, . . ." Defendant denied Plaintiff's request.[13]

_____

make clear that *Defendant* determined that FOIA Exemption 3 and 26 U.S.C. § 6103 applied, not that Exemption 3 and Section 6103 were correctly applied.

[11]     (Dkt. No. 53, Attach. 2, at ¶ 3 [Def.'s Stat.].)  Plaintiff does not explicitly admit or deny the fact asserted by Defendant.  (Dkt. No. 56, Attach. 2, at ¶ 3 [Plf.'s Resp. to Def.'s Stat.].)  Instead, Plaintiff attempts to explain that his reason for not obtaining the proper authorizations to obtain the records was because S.B. refused to execute and return a release form.  (Dkt. No. 56, Attach. 2, at ¶ 3.)  In light of this section's prefatory remarks, and the fact that Plaintiff fails to cite any record evidence that controverts the asserted fact, the Court deems the fact admitted. The reason that Plaintiff did not have the applicable authorizations does not controvert the fact that he did not include the applicable authorizations in his FOIA application.

[12]     Defendant's FOIA Request Decision Letter is dated January 10, *2019*.  However, in a telephone hearing on November 18, 2022, Magistrate Judge Lovric found that the document was dated in error, and it was actually sent in *2020*.  (Dkt. No. 40, at 19 [T. of Nov. 18, 2022 Telephone Hearing].)

[13]     (Dkt. No. 53, Attach. 2, at ¶ 5 [Def.'s Stat.].)  Plaintiff appears to deny the asserted fact, given that he "takes issue with certain timing interpretations of the Defendant on this point." (Dkt. No. 56, Attach. 2, at ¶ 5.)  As an initial matter, the Court finds that Plaintiff has not cited any record evidence that controverts the fact being asserted: he does not present any record evidence that demonstrates a "timing issue."  Instead, Plaintiff embarks on an extensive, impermissible commentary regarding "Exemption 5" and "the deliberative process privilege."  It

8.      On or about March 23, 2020, Defendant issued a "final response" letter to Plaintiff's "[FOIA] request dated December 19, 2019," that stated, "[Plaintiff] asked for the 1996, 1997, and 1998 tax records for [S.B. Law]. . . . [Plaintiff's] request asks for third party return information and [he has] failed to demonstrate that any of the exceptions to the confidentiality provisions of [26 U.S.C. § 6103] allow for disclosure to you, [FOIA Exemption 3] [(codified at 5 U.S.C. § 552(b)(3))] is being asserted in conjunction with [26 U.S.C. § 6103(a)] to withhold from you the return information, to the extent such records exist, of any third party.  Because of the foregoing, . . ." Defendant denied Plaintiff's request.[14]

**C.      Parties' Briefing on Their Cross Motions for Summary Judgment**

**1.      Plaintiff's Motion**

_____

appears that Plaintiff believed that Defendant was asserting "Exemption 5" in its Statement of Material Facts.  (Dkt. No. 53, Attach. 2, at ¶ 5 [Def.'s Stat.] ["FOIA Exemption 5 U.S.C. § 552(b)(3) . . ."].)  Plaintiff, however, is mistaken: the record reflects that Defendant was asserting the FOIA exemption found at 5 U.S.C. § 552(b)(3), colloquially known as FOIA Exemption 3.  That being said, the Court has modified the asserted fact by quoting directly from Defendant's decision letter.  (Dkt. No. 53, Attach. 3, at 6 [Ex. A, IRS FOIA Decision Letter].)  Finally, the Court notes that Plaintiff discusses his "knowledge of an ex parte writ" that, he seems to argue, allows him to view the third-party tax records he requested.  (Dkt. No. 56, Attach. 2, at ¶ 5.)  In support of his argument, Plaintiff cites the transcript of the telephone hearing on November 18, 2022.  (Dkt. No. 40.)  The transcript reflects that Plaintiff repeatedly mentioned an ex parte writ at the hearing; however, at the hearing, the Court did not address the existence of such a document in its findings (except when Magistrate Judge Lovric summarized Plaintiff's argument).  In any event, the fact Defendant asserts says nothing about a purported ex parte writ; thus, as stated above, Plaintiff's impermissible commentary does nothing to controvert the fact asserted.

14      (Dkt. No. 53, Attach. 2, at ¶ 6 [Def.'s Stat.].)  Plaintiff appears to deny the asserted fact, given that he states, "There are a number of issues with [Defendant's] point as well."  (Dkt. No. 56, Attach. 2, at ¶ 6.)  However, his purported denial is largely indistinguishable from his previous purported denial (discussed above, in Note 13 of this Decision and Order).  Thus, Plaintiff has not presented any record evidence that controverts the fact being asserted.  In any event, the Court has modified the asserted fact to quote directly from Defendant's decision letter.  (Dkt. No. 53, Attach. 3, at 6 [Ex. B, IRS FOIA Decision Letter].)

### a.      Plaintiff's Memorandum of Law

Generally, in support for his motion for summary judgment, Plaintiff asserts three arguments.  (*See generally* Dkt. No. 52, Attach. 3 [Plf.'s Mem. of Law in Chief].)

First, Plaintiff argues that he is entitled to "reasonable segregation" of the tax returns he requested, and that Defendant "did not give proper consideration to some alternative to a general release of information sought."  (*Id.* at 5.)  Plaintiff argues that Defendant misapplied 5 U.S.C. § 552(b)(3) because not all of the information he requested falls under the statute, and he asserts that FOIA Exemption 6 requires that Defendant segregate the non-exempt data.[15]  (*Id.* at 6-7.)  More specifically, Plaintiff argues that he needs to see the deductions S.B. took to find out whether S.B. had insurance coverage.  (*Id.* at 6.)  According to Plaintiff, the answer to this fact is crucial to resolve a (purported) legal matter involving S.B. and his insurance carrier, and Plaintiff.  (*Id.*)  Thus, Plaintiff argues, Defendant should turn over S.B.'s business tax records (separate from his personal tax records), or redact portions of the records that do not apply to Plaintiff's ancillary legal proceedings.  (*Id.* at 5-6.)  Furthermore, Plaintiff argues that he is entitled to the information he requested on public policy grounds.  (*Id.* at 6.)  He states that S.B. and his insurance carrier (assuming S.B. has an insurance carrier), are attempting to "shirk a fiduciary obligation[;]" thus, Plaintiff argues, the tax records, or at the very least, the deductions, should be disclosed because, if S.B. and his carrier are allowed to breach their fiduciary duties, then there are "public policy implications."  (*Id.*)  Plaintiff argues that FOIA requires the Court to "strike a balance" between the third party's privacy interests and public policy interests, and order Defendant to produce the requested records with appropriate redactions.  (*Id.*)

---

[15]      Plaintiff seems to be arguing that FOIA Exemption 6 protects only personal data from disclosure, and S.B.'s business tax records would not fall under Exemption 6.  Thus, Plaintiff seems to argue, he is entitled to, at the very least, S.B.'s business tax records.

Second, Plaintiff argues that Defendant engaged in "Bad Faith Dealing." (*Id.* at 8.) More specifically, he argues, Defendant violated 5 U.S.C. § 7117(a)(2) (which, according to Plaintiff, requires Defendant to "bargain in good faith"), when it engaged in bad faith dealing, made "repeated mistakes, fail[ed] to adhere to time deadlines[,] and improperly share[d] [his] FOIA file with divisions in the IRS . . . ." (*Id.*) For example, Plaintiff argues that Defendant took "months longer than allowed" to respond to his FOIA appeal, and, when it finally did respond, he argues that it failed to answer the entire appeal. (*Id.*) Likewise, Plaintiff argues that Defendant engaged in bad faith dealing when it "co-mingled" a past tax dispute that he had in 2014 with his FOIA request for S.B.'s tax records.[16] (*Id.* at 9.) In short, he argues that Defendant's cumulative conduct is not a "coincidence[,]" (*id.* at 8), and is instead evidence that Defendant "did not want to answer" his FOIA request (*id.* at 10.)

Third, and finally, Plaintiff argues that 26 U.S.C. § 6103(i)(1)(A) applies here, which (according to Plaintiff) is an exception that allows for the disclosure of tax records when a subpoena has been issued for those same records. (*Id.* at 10.) Although he does not explicitly say so, it appears that Plaintiff is arguing that such a subpoena must have been issued to the Government as part of a separate criminal investigation into S.B., and that subpoena can also be wielded by Plaintiff to compel Defendant to disclose S.B.'s records to him. Plaintiff argues that he knows of the existence of this subpoena "through [the] use of investigations, researching IRS protocols, and what information could be obtained from IRS staff allowed him, through *deductive reasoning* to realize an ex parte subpoena has been done [sic]." (*Id.* at 10 [emphasis added].) In support of this argument, Plaintiff cites his own reply to Defendant's response to his motion to file an Amended Complaint (Dkt. No. 27), and his Amended Complaint (Dkt. No. 36).

---

[16]     Plaintiff does not explain how this "co-mingling" of the files prejudiced him.

The existence of this purported subpoena, Plaintiff also argues, negates "the Glomar Doctrine" that (according to Plaintiff) Defendant is using in its defense.  (*Id.* at 10-11.)  Furthermore, Plaintiff argues that the release of S.B.'s tax records will not have a "stigmatizing" effect on him, because – according to Plaintiff – he is already stigmatized, given that he "is willfully committing insurance fraud" and was disbarred.  (*Id.*)

####       b.       Defendant's Opposition Memorandum of Law

Generally, in its opposition memorandum of law, Defendant asserts five arguments. (Dkt. No. 55 [Def.'s Opp'n Memo. of Law].)

First, Defendant argues that the Court should deny Plaintiff's motion because it does not comply with Fed. R. Civ. P. 56(c) and Local Rule 56.1(a).  More specifically, Defendant argues that Plaintiff's statement of undisputed material facts does not comply with federal or local rules, because (1) its paragraphs are not numbered; and (2) it has few citations to the record, and the citations that are included are not specific citations.  (*Id.* at 2.)

Second, Defendant argues that the records Plaintiff seeks cannot be segregated.  (*Id.* at 3.) More specifically, Defendant argues that, as an initial matter, 26 U.S.C. § 6103 does not include any provisions allowing for segregation, and binding Supreme Court precedent prohibits such segregation.[17]  (*Id.* at 4.)  Moreover, Defendant argues that 26 U.S.C. § 6103 plainly prohibits the disclosure of any tax records or return information for any "individual, [] trust, estate, partnership, association, company or corporation."  (*Id.* at 6.)  Thus, Defendant argues, even if it made redactions or segregated the requested records to only the information Plaintiff needs to

---

[17]       Defendant cites *Church of Scientology of California v. IRS*, 484 U.S. 9, 18 (1987), to support this point of law.

resolve his purported ancillary legal proceeding, Defendant would still be violating 26 U.S.C. §
6103, because the statute prohibits *any* disclosure.  (*Id.*)

Third, Defendant argues, Plaintiff's bad faith argument is irrelevant and lacks merit.  (*Id.*
at 7.)  More specifically, Defendant argues as follows: (1) even if Defendant acted in bad faith,
that conduct does not change the fact that it is still prohibited by law from disclosing the
requested records (*id.* at 7); and (2) Plaintiff has not presented any record evidence that, as a
matter of law, is indicative of bad faith, because it is well established that an agency's untimely
response to a FOIA request is not indicative of bad faith, and his remaining bad faith-arguments
are similarly unsupported and lack merit (*id.* at 7-8).

Fourth, Defendant argues that Plaintiff's ex parte subpoena arguments fail for three
reasons.  First, Defendant argues, 26 U.S.C. § 6103(i) has no role in determining an agency's
decision on whether to disclose tax records to a private party under FOIA: the statute allows for
disclosure only to federal officers or employees, whereas Plaintiff is a private citizen acting for
his own personal reasons.  (*Id.* at 8-9.)  Second, Defendant argues, the specific section of Title 26
that Plaintiff cites, Section 6103(i)(1)(A), applies only to officers and employees of federal
agencies involved in certain criminal investigations, and disclosure is "solely" for the use of such
officers in those criminal matters.  (*Id.*)  Defendant notes that Plaintiff is not engaged in any
criminal investigations as a federal employee or officer.  (*Id.*)  Third, Defendant argues, Section
6103(i)(4)(A) allows for IRS disclosure "in judicial and administrative proceedings that pertain
to 'a specially designated Federal criminal statute or related civil forfeiture[;]" however, a FOIA
request is not one of those designated proceedings.  (*Id.* at 9 [quoting 26 U.S.C. §
6103(i)(4)(A)].)  Thus, Defendant argues, it is barred from disclosure to Plaintiff, and its
employees who processed his FOIA request would have no way of knowing whether a separate

13

agency subpoenaed S.B.'s records.  (*Id.*)  In any event, Defendant argues, Plaintiff's argument that a subpoena exists is based only on a hunch (i.e., his "deductive reasoning"), and he cannot support the argument with any record evidence.  (*Id.* at 10.)

Fifth, and finally, Defendant argues that FOIA does not give a district court the authority to impose monetary damages on a federal agency for a violation of the statute.  (*Id.* at 11.)  Thus, Defendant argues, Plaintiff does not have a statutory basis under FOIA to seek damages.  (*Id.*)  Furthermore, Defendant argues, although Plaintiff alleged a claim under 42 U.S.C. § 1983 in his original Complaint, the Court dismissed that claim, and Plaintiff did not reallege that claim in his Amended Complaint.  (*Id.*)  Thus, Defendant argues, that claim is abandoned and cannot be used to pursue monetary damages, and the Amended Complaint does not mention any other claims or basis for monetary damages.  (*Id.*)

### c.      Plaintiff's Reply Memorandum of Law

Generally, in his reply memorandum of law, Plaintiff makes five arguments.  (Dkt. No. 57, Attach. 3 [Plf.'s Reply Memo. of Law].)

First, Plaintiff argues that his motion, specifically his Statement of Material Facts, conforms to Fed. R. Civ. P. 56(c) and Local Rule 56.1(a).  Although he "does admit he could have perhaps stated the topics for individual paragraphs a bit more clearly," he argues that there were three "clear and distinct" points in his statement.  (*Id.* at 4.)  Moreover, he argues, although "[t]he length of these given three sections may have been a little long," the length was commensurate with the length of time his case has taken.  (*Id.*)  Finally, although "his form of notation might be a bit unorthodox," Plaintiff argues that he provided accurate citations at the end of each of his three points.  (*Id.*)

Second, Plaintiff argues that segregation of the requested records is required, because Defendant must "balance the public interest" under "Exemption 6[.]"  (*Id.* at 5.)  According to Plaintiff, if Defendant provides the records in segregated form, the public interest is served by exposing S.B. and his insurance carrier's fraud, while still preserving S.B.'s privacy.  (*Id.*)

Third, Plaintiff argues that Defendant is acting in bad faith, because its actions are against public policy, given that Plaintiff is merely trying to uncover a felony, but is being impeded by his inability to obtain S.B.'s tax records.  (*Id.* at 6.)  In addition, according to Plaintiff, all federal agencies have a duty to "bargain in good faith."  (*Id.*)  However, here, Plaintiff argues, throughout the FOIA process, Defendant has not bargained in good faith, because it "refus[ed] to keep [him] in the loop and [did] not return[] his phone calls[,]" and "co-mingl[ed]" his FOIA request and general IRS file.  (*Id.*)  Moreover, Plaintiff argues that the fact that Scott Panitz filed a declaration for Defendant, and not (according to Plaintiff) a more "credible" affidavit, is also a sign of bad faith.  Indeed, Plaintiff argues that the fact that Defendant asserted that his bad faith argument is "not relevant" is itself a sign of bad faith.  (*Id.*)

Fourth, Plaintiff argues that 26 U.S.C. § 6103 "has language in it which makes clear that" the Court can review S.B.'s tax records.  (*Id.* at 7.)  He argues that "it might be true" that he himself does not have a right to said records, but "that protection would not extend to the Court." (*Id.*)  In any event, Plaintiff argues that the subpoena must exist because S.B. has had "significant" problems with the IRS and "criminal charge issues."  (*Id.*)  Plaintiff argues that he knows these facts because he "employed investigators[,]" and he "would get in touch with IRS employees and get pieces of information that what [he] and investigators discussed was very likely."  (*Id.*)

15

Fifth, and finally, as an alternative avenue of relief, Plaintiff argues that damages are allowed under "the Federal Tort Claims Act and specific statutes," because Defendant assumes "tort responsibility" when it assumes "the role of record keeper[.]"  (*Id.* at 8.)

### 2.     Defendant's Motion

#### a.     Defendant's Memorandum of Law

Generally, in support of its motion for summary judgment, Defendant asserts one principal argument.  (*See generally* Dkt. No. 53, Attach. 1 [Def.'s Mem. of Law in Chief].) According to Defendant, although FOIA aims to make federal records accessible, there are exceptions.  (*Id.*)  Among those exceptions, Defendant argues, 5 U.S.C. § 552(b)(3) (sometimes referred to as "Exemption 3") "exempts records from disclosure if another statute provides for non-disclosure . . . ."  (*Id.* at 5-6.)  Here, argues Defendant, 26 U.S.C. § 6103 clearly prohibits the disclosure of a person's (or business') tax records or return information.  (*Id.*)  Thus, in general, Defendant argues that private citizens – such as Plaintiff – may not access the tax records of third parties.  (*Id.*)  Defendant notes, however, that in certain circumstances, a taxpayer may give permission to a third party, in writing, to access his or her tax records.  (*Id.* at 7.)  In any event, Defendant argues that that exception does not apply here, because Plaintiff does not have written authorization from S.B. to access his personal or business tax records.  (*Id.* at 7.)  Based on the foregoing, Defendant argues, the Court must dismiss Plaintiff's Amended Complaint.  Finally, in a footnote, Defendant states, "If for any reason the Court determines that Exemption 3 with Section 6103 does not protect the request for records as to [S.D.], [Defendant] reserves the right to file a short, renewed motion for summary judgment to assert [FOIA Exemption 5], which protects individuals' privacy."  (*Id.* at 8.)

#### b.     Plaintiff's Opposition Memorandum of Law

Generally, in his opposition memorandum of law, Plaintiff asserts three arguments.  (Dkt. No. 56, Attach. 1 [Def.'s Opp'n Memo. of Law].)

First, Plaintiff argues that he cannot be denied access to S.B.'s tax records, because, even though S.B. refuses to sign an authorization, there are "phases [sic] and clauses throughout the Exemptions for the IRS FOIA guidelines" that give him a right to review the records anyways. (*Id.* at 4.)  For example, Plaintiff argues that the existence of a purported ex parte subpoena is one such way that he can get access to the records he requested.  (*Id.* 6.)  Furthermore, Plaintiff argues that FOIA Exemption 6 authorizes him to view S.B.'s business tax records; indeed, Exemption 6 is the grounds that he based his FOIA appeal on.  (*Id.*)  Finally, he argues that 26 U.S.C. § 6103 allows for S.B.'s business records to be segregated from his personal tax records. (*Id.*)

Second, Plaintiff argues that FOIA Exemption 5 should not apply here for three reasons: (1) Defendant's assertion of this argument is untimely because it is being argued for the first time and was not in its previous papers; (2) as a matter of law, Exemption 5 and "the deliberative process privilege" are not applicable to this case; and (3) "the timing of this matter should be taken into consideration[,]" because it seems as if Defendant is taking "an opportunity to switch tactics and bring in a new exemption."[18]  (*Id.* at 8.)

Third, Plaintiff argues that the Court should deny Defendant's motion because it is really just a "third Motion to Dismiss."  (*Id.* at 9.)  According to Plaintiff, Defendant has already made many of these same arguments, but the Court has already rejected them twice.  (*Id.* at 9.)

### c.    Defendant's Reply Memorandum of Law

---

[18]    The Court notes that Defendant did not rely on Exemption 5 in its motion, but rather "reserved the right" to file a separate motion for summary judgment based on Exemption 5, should the Court deny its motion for summary judgment based on Exemption 3.

Generally, in its reply memorandum of law, Defendant makes three arguments.  (Dkt. No. 60 [Def.'s Reply Memo. of Law].)

First, Defendant reiterates its argument (summarized above in Part I.C.2.a. of this Decision and Order) that FOIA Exemption 3 prohibits the disclosure, and even the segregation, of the records that Plaintiff requested, assuming, for the sake of argument, that such records even exist.  (*Id.* at 1-2.)  Moreover, Defendant argues that it is well established that even whether the records exist is confidential, and that Defendant need not even search for the records, especially in the absence of authorization from S.B.  (*Id.* at 3-5.)

Second, Defendant argues that Plaintiff uses inapplicable statutes to argue for disclosure of the records that he requested.  (*Id.* at 5.)  More specifically, Defendant argues, as an initial matter, even if an ex parte subpoena existed, Plaintiff cannot use its existence to compel the production of records because he is a private citizen, and not a federal officer or employee engaged in a criminal investigation.  (*Id.*)  Regarding Exemption 6, Defendant argues that it too is not applicable, because a FOIA Exemption is something that is asserted by a federal agency, in an effort to "exempt" a document from disclosure to the public.  (*Id.*)  Defendant argues that a private citizen cannot assert Exemption 6 in an effort to compel a federal agency to produce a document.  (*Id.*)

Third, and finally, regarding Exemption 5, Defendant notes that it is not relying on Exemption 5 at this time.

## II.    RELEVANT LEGAL STANDARDS

### A.    Standard Governing a Motion for Summary Judgment, Generally

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as

a matter of law." Fed. R. Civ. P. 56(a).  A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the [non-movant]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[19]  As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law . . . .  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movant.  *Anderson*, 477 U.S. at 255.  In addition, "[the movant] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact."  *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However, when the movant has met its initial burden, the non-movant must come forward with specific facts showing a genuine issue of material fact for trial.  Fed. R. Civ. P. 56(a), (c), (e).

Implied in the above-stated burden-shifting standard is the fact that, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute.[20]  Of course, when a non-movant willfully fails to respond to a motion for summary judgment, "[t]he fact that there has been no [such] response ... does not ... [by itself] mean that the motion is to be granted

---

[19]    As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d, 400 (2d Cir. 1998) [citation omitted]. As the Supreme Court has explained, "[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

[20]    *Cusamano v. Sobek*, 604 F.Supp.2d 416, 426 & n.2 (N.D.N.Y. 2009) (Suddaby, J.) (citing cases).

automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, as indicated above, the Court must assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant. *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F.Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 56.1(b).[21] What the non-movant's failure to respond to the motion does is lighten the movant's burden.

For these reasons, this Court has often enforced Local Rule 56.1 by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement.[22]

## B.    Summary Judgment Motions in FOIA Actions

"FOIA was enacted in order to 'promote honest and open government and to assure the existence of an informed citizenry [in order] to hold the governors accountable to the governed.'" *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 [2d Cir. 1999]). "FOIA strongly favors a policy of disclosure, and requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act." *Nat'l Council of La Raza*, 411 F.3d at 355 (internal citation omitted); *accord*, 5 U.S.C. § 552(a)(3), (b)(1)-(9). The statutory exemptions "have been consistently given a narrow compass[.]" *Dep't*

---

[21]     Local Rule 56.1 was formerly known as L.R. 7.1(a)(3) before the Local Rules were amended January 1, 2021.

[22]     Among other things, Local Rule 56.1(a) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 56.1(a).

*of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation and internal quotation marks omitted).

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." *Ivey v. U.S. Dept. of Justice Executive Office for U.S. Atty.*, 13-CV-0917, 2015 WL 507219, at *3 (N.D.N.Y. Feb. 6, 2015) (D'Agostino, J.) (citation and internal quotation marks omitted). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. U.S. Dept. of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Carney*, 19 F.3d at 812 (footnote omitted); *accord, Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62, 65 (2d Cir. 2008); *Doolittle v. U.S. Dep't of Justice, Drug Enf't Agency*, 142 F. Supp. 2d 281, 284 (N.D.N.Y. 2001) (Hurd, J.). Affidavits submitted by an agency are entitled to a presumption that they were made in good faith. *Carney*, 19 F.3d at 812; *accord, Schwarz v. Dep't of Justice*, 417 F. App'x 102, 102 (2d Cir. 2011) (summary order). However, "conclusory affidavits that merely recite statutory standards, or are overly vague or sweeping will not, standing alone, carry the government's burden[.]" *Larson v. Dep't of State*, 565 F.3d 857, 864 (D.C. Cir. 2009). If the agency's submissions are facially adequate, summary judgment is appropriate, "unless the plaintiff can make a showing of bad faith on the part of the agency or present evidence that the exemptions claimed by the agency should not apply." *Ivey*, 2015 WL 507219, at *3; *accord, Carney*, 19 F.3d at 812.

**C.  FOIA Exemption 3**

"FOIA Exemption 3 applies to records 'specifically exempted from disclosure by statute,' provided that the statute 'requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue.'"  *Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 71 (2d Cir. 2009) (quoting 5 U.S.C. § 552(b)(3)).  Two threshold criteria must be satisfied to warrant application of FOIA Exemption 3: "(1) the statute invoked qualifies as an exemption 3 withholding statute, and (2) the materials withheld fall within that statute's scope."  *A. Michael's Piano, Inc. v. F.T.C.*, 18 F.3d 138, 143 (2d Cir. 1994); *accord, CIA v. Sims*, 471 U.S. 159, 167 (1985); *Wilner*, 592 F.3d at 72.  "To determine whether [a] statute is a withholding statute, the court must decide whether it satisfies the threshold requirement that it specifically exempt matters from disclosure."  *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 234 (N.D.N.Y. 2011) (Mordue, C.J.) (internal quotation marks omitted).  "[I]n construing withholding statutes," the Second Circuit "look[s] to the plain language of the statute and its legislative history, in order to determine legislative purpose."  *A. Michael's Piano*, 18 F.3d at 144; *accord, Sims*, 471 U.S. at 168-73.

### D.    26 U.S.C. § 6103

"Returns and return information **shall be** confidential . . . ."  26 U.S.C. § 6103(a) (emphasis added).

"The term 'return' means any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to **any person**, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed."  26 U.S.C. § 6103(b)(1) (emphasis added).

The term "return information" means, in relevant part, "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, **deductions**, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of **any person** under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, . . ." 26 U.S.C. § 6103(b)(2)(A) (emphasis added).

As used in Title 26, the term "person" is defined as "to mean and include an individual, a trust, estate, partnership, association, company or corporation." 26 U.S.C. § 7701(a)(1).

It is well established that 26 U.S.C. § 6103 qualifies as a withholding statute under FOIA Exemption 3. *See e.g. Church of Scientology of California v. I.R.S.,* 484 U.S. 9, 11 (1987); *Breuhaus v. I.R.S.*, 609 F.2d 80, 83 (2d Cir. 1979); *Radcliffe v. I.R.S.*, 536 F. Supp. 2d 423, 435 (S.D.N.Y. 2008), aff'd, 328 F. App'x 699 (2d Cir. 2009); *Adamowicz v. I.R.S.*, 552 F. Supp. 2d 355, 366 (S.D.N.Y. 2008); *Rodriguez v. I.R.S.*, 09-cv-5337, 2012 WL 4369841, at *5 (E.D.N.Y. Aug. 31, 2012), report and recommendation adopted, 09-cv-5337, 2012 WL 4364696 (E.D.N.Y. Sept. 24, 2012).

Moreover, although 5 U.S.C. § 552(b) provides that "[a]ny reasonably segregable portion of a record shall be [released] . . . after deletion of the portions which are exempt," courts have consistently held that returns and return information cannot be segregated. *See Cliff v. Internal Revenue Serv.*, 496 F. Supp. 568, 572 (S.D.N.Y. 1980), *on reconsideration*, 529 F. Supp. 11 (S.D.N.Y. 1981) ("[The requested documents] fit squarely within the statutory definition of

return information, and thus are exempt in their entirety; the IRS is correct in its assertion that they contain no segregable portions under the Act."); *accord Church of Scientology of California*, 484 U.S., at 16 ("The legislative history of the Tax Reform Act of 1976 . . . of which the amendments to § 6103 are a part, also indicates that Congress did not intend the statute to allow the disclosure of otherwise confidential return information merely by the redaction of identifying details."); *Elec. Priv. Info. Ctr. v. Internal Revenue Serv.*, 910 F.3d 1232, 1241 (D.C. Cir. 2018) (dismissing action seeking President Donald J. Trump's tax returns and specifically finding that the broad definition of "return information" in § 6103 prevented the segregation of the requested records because even a response acknowledging the existence of the tax returns would reveal "whether the President ha[d] filed income tax returns for the years in question" and thus would have violated § 6103); *Landmark Legal Found. v. I.R.S.*, 267 F.3d 1132 (D.C. Cir. 2001) (finding that agency properly asserted Exemption 3 to shield disclosure of records that fell under § 6103 and declining to order redactions); *Immerso v. U.S. Dep't of Lab.*, 19-cv-0777, 2020 WL 6826271, at *7 (E.D.N.Y. Nov. 20, 2020), *aff'd sub nom.*, *Immerso v. United States Dep't of Lab.*, 20-cv-4064, 2022 WL 17333083 (2d Cir. Nov. 30, 2022) ("The agency's statutory obligation to segregate and disclose non-exempt information is not unqualified.  Rather, the agency is required to disclose non-exempt portions of the record so long as they are not inextricably intertwined with exempt information.") (internal quotations omitted).

## III.   ANALYSIS

After carefully considering the matter, the Court finds that Plaintiff's motion should be denied for the second, third, fourth, and fifth arguments asserted in Defendant's opposition memorandum of law.  *See*, *supra*, Part I.C.1.b. of this Decision and Order.  However, the Court would not deny Plaintiff's motion on the basis of Defendant's first argument, which relates to

procedural defects in Plaintiff's motion. *See*, *supra*, Part I.C. of this Decision and Order. Regarding Defendant's motion, after carefully considering the matter, the Court finds that it should be granted for each of the reasons stated in Defendant's memoranda of law (including its several alternative reasons). *See, supra,* Parts I.C.2.a. and I.C.2.c. of this Decision and Order. To all those reasons, the Court adds only three brief points (which are intended to supplement and not supplant Defendant's reasons).

First, the Court finds it appropriate to address the first argument in Plaintiff's Opposition Memorandum of Law: specifically, his argument that there are "phases [sic] and clauses throughout the Exemptions for the IRS FOIA guidelines" that give him a right to review S.B.'s tax records. (Dkt. No. 56, Attach. 1, at 4 [Def.'s Opp'n Memo. of Law].) Throughout these proceedings, Plaintiff has cherry-picked fragments of FOIA regulations and Title 26 to support his arguments for disclosure; but he consistently fails to consider the overall context of the fragments that he cites. For example, regarding Plaintiff's ex parte subpoena arguments, even a cursory reading of 26 U.S.C. § 6103(i)(1) reveals that tax records can be disclosed only to federal employees (and, on rare occasions, state officials investigating missing and exploited children) engaged in criminal investigations. Plaintiff is not a federal employee, and – despite his assertions that he is investigating a felony purportedly perpetrated by S.B. and his insurance company – Plaintiff is not actually engaged in a criminal investigation.[23] Likewise, Plaintiff's attempt to assert FOIA Exemption 6 is without merit. (Dkt. No. 56, Attach. 1, at 6.) Not only is the subject matter of Exemption 6 irrelevant to this case, but a private individual cannot even

---

[23]     Should Plaintiff have specific evidence of criminal behavior, he should bring it to the attention of a duly authorized law enforcement agency that has the jurisdiction and responsibility to investigate such matters.

assert a FOIA exemption to *compel* disclosure from a federal agency: rather, a federal agency asserts a FOIA exemption in an effort to *prevent* disclosure to a private individual.[24]

Second, regarding Plaintiff's repeated arguments that Exemption 3 was misapplied, the Court finds that the Declaration of Scott Panitz is sufficiently specific to place the requested documents (assuming that the documents even exist) within FOIA Exemption 3.  (Dkt. No. 53, Attach. 3 [Dec. of Panitz].)  Thus, Defendant did not misapply Exemption 3, and, accordingly, the Court declines to review the requested documents (if the documents do exist) *in camera*.  *See Larson v. Dep't of State*, 565 F.3d 857, 870 (D.C. Cir. 2009).  Moreover, regarding Plaintiff's arguments that the requested records should be segregated, the Court notes that there is ample caselaw that refutes his argument.  *See, supra,* Part II.D. of this Decision and Order.  Indeed, in his motion, Plaintiff cites two cases that actually undermine this arguments.  (Dkt. No. 52, Attach. 3, at 7 [citing to *Hull* and *Adamowicz*].)  *See Hull v. I.R.S.*, 09-cv-00024, 2010 WL 3034463 (D. Colo. Aug. 3, 2010), *aff'd sub nom.*, *Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d 1174 (10th Cir. 2011) (dismissing an action and upholding an agency's assertion of Exemption 3 where the plaintiff requested return information for a third party without the third-party taxpayer's authorization); *Adamowicz*, 552 F. Supp. 2d 366-69 (concluding that the IRS properly withheld return information under Exemption 3 as information specifically exempted from disclosure by § 6103).

Third, and finally, regarding Plaintiff's "bad faith" argument, the Court notes that the record is devoid of any evidence that suggests that Defendant proceeded in bad faith in this action or in the events leading up to it.  Based on the record evidence, under § 6103 and FOIA

---

[24]     *See* 5 U.S.C. § 552(b)(6) ("Exemption 6") (stating that a federal agency need not disclose "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy").

Exemption 3, it is clear that Defendant properly withheld the records that Plaintiff requested.  To support his argument, Plaintiff's best contentions – for example, that Defendant's response was untimely – are speculative and fail as a matter of law.  However, at worst, some of his contentions are on the border of frivolous and vexatious: for example, his opening preamble in his opposition memorandum of law where he discusses political action committees, the insurance industry, and allegations that candidates are being "influenced" (Dkt. No. 66, Attach. 1, at 3-4); his argument that Defendant acted in bad faith because it argued that Plaintiff's bad faith argument is irrelevant (Dkt. No. 57, Attach. 3, at 6); his argument – with no explanation, record evidence in support, or description of the prejudice that it caused him – that Defendant "co-mingled" his personal file with his FOIA request (*see, e.g.*, *id.*).

For all of these reasons, including the numerous reasons stated in Defendant's memoranda of law, the Court denies Plaintiff's motion and grants Defendant's motion.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 52) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 53) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 32) is **DISMISSED with prejudice**.

Dated: January 2, 2024
          Syracuse, NY

Glenn T. Suddaby
U.S. District Judge